940

■ FRANCIS X. SMITH, Individually, and as President of the City Council of the City of New York, Respondent, v. DONALD H. ELLIOTT, Individually, and as Chairman of the New York City Planning Commission, et al., Appellants.— Order and judgment (one paper) entered November 20, 1969, unanimously reversed, on the law, without costs and without disbursements, motion denied and petition dismissed. The plan was not subject to public inspection since it was incomplete. Concur — Stevens, P. J., Eager, McGivern, Nunez and McNally, JJ. [61 Misc 2d 163.]

(June 30, 1970)

■ MARILYN E. LEACOCK, Respondent, v. RICHARD LEACOCK, Appellant.— Order entered October 1, 1969 awarding plaintiff the sum of $1,600 temporary alimony for her support and for the support of the infant child unanimously modified on the law and facts to reduce the sum to $900 per month, and otherwise affirmed, without costs and without disbursements. On this record the award was excessive. Concur — Markewich, J. P., McNally, Steuer and Tilzer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEROY BARNES, Appellant.— Judgment rendered February 24, 1966, convicting defendant, after trial, of felonious possession of narcotics in violation of former Penal Law, subdivision 3 of section 1751 and section 3305 of the Public Health Law unanimously reversed on the law, and the indictment is dismissed. Determination of the appeal was withheld and the matter remanded for a hearing on questions of the legality of certain wiretaps, defendant's standing to object and whether evidence at the trial was "tainted" by illegally-obtained information from the wiretaps. At the hearing the prosecution properly conceded defendant's standing (see People v. McDonnell, 18 N Y 2d 509) and confessed the invalidity of the order which authorized the wiretaps. The People acknowledged their inability to sustain their burden of showing that the taps did not lead to the evidence on which the conviction rests (United States v. Coplon, 185 F. 2d 629, cert. den. 342 U. S. 920). Since that evidence appears to be the only foundation for a prosecution against defendant, no purpose would be served by a new trial. On the basis of the original and supplemental records the judgment must be reversed and the indictment dismissed. Concur — Eager, J. P., Capozzoli, Markewich and Nunez, JJ.